### A. H. MORGAN v. CHAS. VANDERMARK.

(No. ——, Op. Book No. 1, p. 242.)

APPEAL from Nacogdoches County. Opinion by ECTOR, P. J.

§ **511.** *Alteration of instrument of writing; rules relating to.* Appellee sued appellant upon two notes, which were made payable to one Lowe. After appellant had executed and delivered the notes to Lowe, the latter, without the knowledge of appellant, signed his name thereto as security, and also indorsed the notes by writing his name on the back thereof. It was objected by appellant that Lowe's signatures to the notes as security were such alterations of the instruments as rendered them void as to appellant. *Held:* It is a general rule that an instrument which has been fraudulently altered in a material part is thereby rendered void, and will not support an action. [Park v. Glover, 23 Tex. 472.] It has also been held that the addition by the payee or holder, of the name of a person as a joint and several maker of the note, after it has been completed, issued and negotiated, without the consent of the original maker, discharges the original maker from liability on the note. [Harper v. Stroud, 41 Tex. 367.] But in this case, the signature of Lowe as security on the face of the notes, he being the payee of the notes, did not alter or change the legal im-

port of the notes. It had the legal effect to bind Lowe as an indorser, and was evidently made with that purpose, and not for any fraudulent purpose. It would present a different question if some other name besides that of Lowe had been signed to the note without the consent of the maker.

§ **512.** *Consideration; plea of failure of, held insufficient.* Appellant pleaded that the notes sued upon were given in consideration of a certain patent right purchased by him of Lowe; that the patent was wholly worthless; that in the sale of it to him Lowe had practiced a fraud upon him; that the notes were transferred to appellant after maturity; that Lowe and appellant well knew that the patent was worthless, etc. *Held,* that under these allegations appellant was not entitled to introduce evidence to prove that the patent was worthless, or to prove that fraud had been practiced upon him in the sale of it to him. He should have averred the facts which constituted the fraud, and that he was induced thereby to make the purchase, and that the worthlessness of the patent was unknown to him when he bought it.

October 24, 1877.                    Affirmed.