Opinion by
Willson, J.
§ 180= Alteration of written instrument; effect of; rules relating to. Any change in the terms of a written contract which varies its original legal effect and operation, whether in respect to the obligation it imports, or to its force as matter of evidence, when made by the party to the contract, is an alteration thereof, unless all the other parties to the contract gave their express' or implied consent to such change. And the effect of such alteration is, to nullify and destroy the altered instrument as a legal obligation. [2 Daniel’s Neg. Inst. § 1313.] Any alteration of an instrument, which causes it to speak a language different, in legal effect, from that which it originally spoke, is a material alteration. [1 Greenl. Ev. § 565; Park v. Glover, 23 Tex. 469; W. & W. Con. Rep. §§ 511, 1308; Harper v. Stroud, 41 Tex. 361.] But it is not every change that will amount to an alteration that will avoid the instrument. If the legal effect of the instrument be not changed, the instrument is not altered. [2 Daniel’s Neg. Inst. § 1398.] And if the change was made by a stranger without any complicity of the *126 party claiming under it, it would be a spoliation, and not an alteration, of the instrument, and would not affect its validity. [2 Daniel’s Neg. Inst. § 1313a,• 1 Edwards on Bills, § 245.] In this case, appellant sued appellee upon a note. Appellee, among other defenses, pleaded an alteration of the note, alleging that the words “order on John B. Wooten left as collateral security,” were written in the note after he executed the same, without his knowledge or consent, etc. Held, 1. That the addition of said words to the note did not change its legal effect, and was not, therefore, a material alteration, and did not affect its validity. 2. That it was not alleged or proved that appellant made the alleged change in. the note, or that he had any complicity in the making of the same, and for this reason, also, the defense was not sustained.
§ 131. Burden of proof. When an alleged alteration of an instrument is not apparent upon the face of the instrument, the burden of proving such alteration is upon the party alleging it. [2 Daniel’s Neg. Inst. § 1421; W. & W. Con. Rep. § 682.]
§ 182. Pleading; affirmative defenses must be pleaded; payment; plea of. Affirmative matter of defense must be pleaded or it cannot be given in evidence. Facts proved cannot form the basis of a judgment unless sufficiently alleged. In every action in which a defendant shall desire to prove any payment, counterclaim or set-off, he shall file with his plea an account stating distinctly the nature of such payment, etc., and the several items thereof; and on failure to do so, he shall not be entitled to prove' the same, unless it be so plainly and particularly described in the plea as to give the plaintiff full notice thereof. [R. S. art. 1266.] Appellee’s plea alleged that the “ order on John B. Wooten,” named in the note, was accepted by appellant for collection for account of note, but does not allege that it was accepted in payment of the note, nor is there any plea of payment in the record. The case was tried by the judge without a jury, and he found that the note had been altered mate *127 rially, and was thereby invalidated, and that it had also been paid by the order on John B. 'Wooten. Both findings are held to be erroneous.
March 12, 1884.
Reversed and remanded.