## FIRST TEXAS PRUDENTIAL INS. CO. v. MATA.
### No. 8539.

Court of Civil Appeals of Texas. San Antonio.

Feb. 4, 1931.

Rehearing Denied Feb. 25, 1931.

Templeton, Brooks, Napier & Brown, of San Antonio, for appellant.

G. Woodson Morris, of San Antonio, for appellee.

SMITH, J.

This appeal is from a judgment against the appellant insurance company for the amount of a policy it had issued upon the life of Aniceto V. Mata, for the benefit of his wife, Dolores L. Mata, appellee herein. The policy belonged to the class known generally as "industrial policies."

The jury found, upon sufficient evidence, that all premiums had been paid on the policy up to the time of the death of the insured, but appellant resisted the suit upon the ground that such payments had not been entered in the "premium receipt book," as required by a provision in the policy, that "no payment of the premium to an agent shall bind the company or be of any force, effect or validity, unless such agent on date of payment of each premium, made proper entry and sign for same in the premium receipt book belonging to and bearing the same name and number as this policy."

The evidence shows that, up to within a short time before the insured's death, the premiums had been paid to appellant's agent in person in San Antonio, who properly noted such payments in the receipt book. The insured's family then moved to Uvalde, after which the premiums were paid by mail. This method of payment resulted in the omission of the entries in the receipt book. Appellant now urges this omission as a complete bar to recovery upon the policy, notwithstanding the full and timely payment of premiums.

The use of the premium receipt book no doubt furnishes a convenient and accurate method of bookkeeping between insured and insurer, but no court of justice will lend its aid to the unconscionable doctrine that the mere failure of the insurer to make such entries when premiums are timely paid shall work a forfeiture of the beneficiary's right to collect the amount of the policy upon the death of the insured. Federal Life Ins. Co. v. Sweeney (Tex. Civ. App.) 18 S.W.(2d) 702. We overrule appellant's propositions I and II.

Appellant's remaining propositions present no reversible error, and the judgment is affirmed.