**AMERICAN NAT. INS. CO. v. SMITH.**

**No. 3419.**

Court of Civil Appeals of Texas. El Paso.
Oct. 22, 1936.

W. B. Handley and C. J. Shaeffer, both of Dallas, for appellant.

Clifford Craig, of Dallas, for appellee.

PELPHREY, Chief Justice.

On October 27, 1933, A. Martin, an agent of appellant, took the application of Peter Smith, Gordon Lee Smith, and appellee for insurance policies with appellant company. The weekly premium on the policies were 15, 5 and 10 cents, respectively. On November 6th, following, he delivered to Peter Smith a receipt book which showed payment of 30 cents on that date and a like payment on November 13th. Peter Smith died on January 14, 1934, from gunshot wounds inflicted by one Brant. Appellee called the Dallas office of appellant the same day that her husband died and A. Martin called to see her.

This suit, seeking to recover the sum of $408 as principal, $150 as attorney fees, and $48.96 as penalty, was filed by appellee on August 2, 1935.

Appellant answered by general demurrer, general denial, and specially alleged that the policy had lapsed long prior to the death of Peter Smith. The jury found that Peter Smith died as the result of accidental means; that he paid A. Martin 60 cents at the time the policy was delivered; that he also paid Martin the sum of $1.50 at the time a receipt for that amount was delivered to him by Martin; that L. P. Snell denied all liability on the policy in question the first time that appellee visited his office; that he was acting within the scope of his authority in so doing; that $75 would be a reasonable attorney fee; that the receipt did not have the word "due" written on it in

ink at the time it was delivered to Peter Smith; and that the receipt was not changed by appellee or at her instigation.

Judgment was rendered on the findings in favor of appellee, and this appeal followed.

### Opinion.

Appellant attacks the judgment on the ground that no proof of death was made and no waiver of such proof shown; that authority of Snell to deny liability was not shown; that the policy had lapsed; that the receipt should not have been admitted in evidence; and that appellant was not bound by receipt because payments called for were not entered in receipt book.

It is not contended by appellee that she furnished proofs of death to appellant, and her whole case is based upon the contention that appellant's agents by their conduct waived the furnishing of such proof.

Appellant, on the other hand, takes the position that the policy requiring that proof of death be furnished to the home office at Galveston as well as the surrender of the policy and premium receipt book, a refusal by the local agent to pay the policy and his statement that the policy has lapsed does not constitute a waiver of the provision as to furnishing proof of death and, further, that appellee did not discharge the burden of proving that the local agent was authorized to bind appellant by his refusal to pay the policy.

Under article 5546, R.S.1925, the provision requiring proof of loss to be made at the home office was not binding, American Surety Co. v. Blaine, 115 Tex. 147, 277 S.W. 619, and the proof could properly be furnished to appellant's local agent at Dallas.

It is well established in this state that, where the insurance company denies liability under the terms of the policy, a compliance with the policy to furnish proof of loss is waived and a recovery may be had thereon without furnishing such proofs. 24 Tex.Jur. § 292, pp. 1111 and 1112, and cases cited.

Here, the law authorizing the proof of loss to be furnished the local agent, certainly a denial by him of liability would constitute such denial as would relieve appellee of the necessity of going ahead with the matter of proofs.

Instruments containing apparent alterations are admissible in evidence where the alteration is explained and shown not to have been made by the party holding it or by his procurement. 2 C.J. § 32, p. 1189.

The receipt here introduced, having been shown to be in the same condition as when received, was properly admitted.

Appellant's contention that it is not bound to credit for the payments evidenced by the receipt and testified to by appellee, simply because they were not entered in the premium receipt book, certainly cannot be sustained. First Texas Prudential Ins. Co. v. Mata (Tex.Civ.App.) 35 S.W.(2d) 784.

The demand called for in article 4736, R.S., as amended by Acts 1931, c. 91, § 1 (Vernon's Ann.Civ.St. art. 4736), may be made after institution of suit and the fact shown by amended petition thereafter filed. Southern Union Life Ins. Co. v. White (Tex.CivApp.) 188 S.W. 266 (writ refused); Illinois Bankers' Life Ass'n v. Dodson (Tex.Civ.App.) 189 S.W. 992.

This is what happened in this suit.

In argument counsel for appellee referred to appellee as a widow and to appellant as one of the largest Texas corporations doing business in the state.

A bill of exceptions was filed raising the question of the propriety of these statements which contained a qualification by the trial judge showing that no objection was made to the argument at the time it was made.

An objection to argument cannot be made for the first time in a motion for a new trial, unless it appears that such improper argument injected into the case matters dehors the record that are inflammatory and calculated to prejudice the rights of the losing party before the jury. 3 Tex.Jur. § 147, pp. 222, 223.

The remarks here complained of were not only based upon evidence in the record but were not of such a character that any harmful effect they might have had could not have been cured by an instruction of the court.

The judgment of the trial court is affirmed.