Clifford and Sandra JONES, Petitioners,

v.

Patricia Ann SMITH, Respondent.

No. C-1437.

Supreme Court of Texas.

April 6, 1983.

Rehearing Denied May 11, 1983.

Conner, Odom & Clover, C.E. Clover, Jr., Sealy, for petitioners.

Browne & Moore, John J. Browne, Houston, for respondent.

ON MOTION FOR REHEARING

PER CURIAM.

We grant the motion for rehearing in part and withdraw our opinion and judgment of March 9, 1983.

Clifford and Sandra Jones instituted this suit seeking specific performance of an earnest money contract and damages for misrepresentation under the Deceptive Trade Practices Act, Tex.Bus. & Com.Code § 17.41 *et seq.*, against Patricia Smith. Smith filed a counterclaim for attorney's fees under the DTPA, alleging that the Jones had brought this suit in bad faith. Based on the jury's finding that Smith refused to convey title under the terms of the contract, the trial court rendered a decree of specific performance in favor of the Jones. Because the Jones were the prevailing parties in a suit brought under the contract, the trial court further rendered judgment that they recover attorney's fees of $2,800. The court of appeals reversed the judgment of the trial court and remanded the cause for a new trial. 638 S.W.2d 17. The court of appeals further rendered judgment that Smith recover attorney's fees of $4,800.

By their first point of error, the Jones argue that the court of appeals erred in rendering judgment that Smith recover attorney's fees. We agree. In the court of appeals, Smith did not claim that she was entitled to attorney's fees under the terms of the contract or article 2226, Tex.Rev.Civ. Stat.Ann. Instead, she sought recovery of attorney's fees only under section 17.50(c) of the Deceptive Trade Practices Act:

> On a finding by the trial court that an action under this section was groundless and brought in bad faith, or brought for the purpose of harassment, the court shall award to the defendant reasonable and necessary attorney's fees and court costs.

Tex.Bus. & Com.Code Ann. § 17.50(c). No such findings were made by the trial court in this case. The court of appeals' judgment awarding Smith attorney's fees conflicts with section 17.50(c). Pursuant to

Rule 483, Tex.R.Civ.P., we grant the application for writ of error and, without hearing oral argument, reverse the judgment of the court of appeals awarding Smith attorney's fees and render judgment that Smith take nothing by her counterclaim.

In all other respects, the judgment of the court of appeals remanding the cause for a new trial is affirmed.