**F.J. SPILLMAN, Appellant,**

v.

**SELF–SERV FIXTURE CO., INC., Appellee.**

**No. 05–83–01513–CV.**

Court of Appeals of Texas, Dallas.

May 16, 1985.

Rehearing Denied July 3, 1985.

Rebecca J. Manuel, Dallas, for appellant.

Roger F. Claxton, Dallas, for appellee.

Before AKIN, SPARLING and WHITHAM, JJ.

SPARLING, Justice.

Appellee Self-Serv Fixture Co., Inc., sued American Bravos, Inc., to recover the balance due on an open account and appellant, F.J. Spillman, as guarantor of $20,000 of American Bravos' indebtedness. Spillman

maintained, in his pleadings and testimony, that the agreement he signed guaranteed American Bravos' indebtedness in an amount not to exceed $5,000. The guaranty that was sued on by Self-Serv had been altered and purported to guarantee the indebtedness of American Bravos in an amount "up to $20,000." The trial court admitted the guaranty into evidence, over Spillman's objection, and rendered judgment against American Bravos for the full amount of the indebtedness, plus attorney's fees, and against Spillman for $20,000, plus attorney's fees. American Bravos has not prefected an appeal.

Spillman asserts three points of error on appeal. First, he contends that the trial court erred in admitting the guaranty into evidence because the guaranty was altered on its face and the proponent, Self-Serv, failed to discharge its burden to explain the alteration. We disagree with Spillman and hold that the guaranty was properly admitted. Second, Spillman argues that the court erred in rendering judgment against him for attorney's fees of $2,857, ten percent of American Bravos' total indebtedness, because the language of the guaranty limited his liability for attorney's fees to ten-percent of American Bravos' indebtedness guaranteed by Spillman, which under the trial court's judgment would have been $2,000. We agree with Spillman's reading of the guaranty. Accordingly, we modify the judgment to award attorney's fees in the sum of $2,000, which is ten-percent of Spillman's $20,000 indebtedness. Finally, Spillman contends that the language in the judgment rendered against Spillman and American Bravos should indicate joint and several liability for the amount owed by Spillman pursuant to the guaranty. We agree and modify the judgment accordingly.

■■■ In his primary point of error, Spillman argues that the guaranty was not admissible because it was altered on its face and Self-Serv failed to explain the alteration. The "alteration," which is quite apparent on the face of the guaranty, consists of some Liquid Paper applied to the instrument and the words "up to $20,000" typed upon the Liquid Paper. Spillman asserts that the document he signed guaranteed American Bravos' indebtedness only up to $5,000 and that the guaranty sued on and introduced into evidence by Self-Serv was altered after he had signed it, without his knowledge or consent, by the insertion of the "up to $20,000" language. Spillman testified that the "altered" document, and none other, was the source of his $5,000 obligation.[1] Such an alteration, of course, would be material. When a party in possession of an instrument that has been materially altered on its face seeks to assert rights thereunder, that party bears the burden of explaining the instrument's appearance upon offering it into evidence. *Demees v. Bluntzer*, 70 Tex. 406, 7 S.W. 820 (1888); *Park v. Glover*, 23 Tex. 469 (1859); *Crow v. Willard*, 110 S.W.2d 161 (Tex.Civ.App.—Amarillo 1937, no writ); *American National Insurance Co. v. Smith*, 97 S.W.2d 963 (Tex.Civ.App.—El Paso 1936, no writ); *Puckett v. Big Lake State Bank*, 73 S.W.2d 893 (Tex.Civ.App.—El Paso 1934, writ ref'd). Absent such an explanation, an objection to the introduction of an altered instrument should be sustained. *Crow*, 110 S.W.2d at 166. We hold that the explanation in this case was sufficient as a predicate for the admission of the document.

■■ In *American National Insurance Co. v. Smith*, 97 S.W.2d 963 (Tex.Civ.App.—El Paso, no writ), the court held that a document with an obvious change is admissible when the instrument is shown to be in the same condition as when received from the maker. In the present case, Self-Serv's employees and agents testified that the guaranty signed by Spillman was received from Spillman in the same condition as it appeared in court, and that they had had

---

1. An expert testified that the writing hidden by the Liquid Paper merely consists of the words "at its offices in the City of Dallas." Therefore, the $20,000 amount acted as a limitation to Spillman's liability in a document that would otherwise impose unlimited liability. In short, Spillman complains of an alleged alteration that inured to his benefit.

continuous care and custody of the guaranty. Therefore, according to Self-Serv, the $20,000 amount *must* have been placed there by Spillman. This proof also complies with the requirements of *Smith v. Jones*, 638 S.W.2d 17 (Tex.App.—Houston [1st Dist.] 1982), *aff'd in part, rev'd on other grounds in part*, 649 S.W.2d 29 (Tex. 1983), which held that "the party claiming under the instrument had the burden of showing (1) there was no change, or (2) if there was a change, that the change was with the consent of the maker of the instrument." 638 S.W.2d at 20. If the recipient of a changed document proves circumstantially that the document was in its present form in the hand of the maker, the *Smith* criteria is met. Conversely, Spillman denies having made the change which, we hold, creates a simple fact issue to be resolved by the trier of fact. *See Demees v. Bluntzer*, 70 Tex. 406, 7 S.W. 820 (1888); *Park v. Glover*, 23 Tex. 469 (1859); *Smith*, 638 S.W.2d at 21; *Keller v. Miller*, 207 S.W.2d 684 (Tex.Civ.App.—Fort Worth, 1947, writ ref'd n.r.e.); *Occidental Life Insurance Co. v. Jamora*, 44 S.W.2d 808 (Tex.Civ.App.—Amarillo 1931, no writ).

■ Next, Spillman contends that the trial court erred in rendering judgment against him for $2,857 in attorney's fees. He argues that his liability for attorney's fees is limited to ten percent of American Bravos' indebtedness that was owed *by Spillman* and, in support of his contention, points to this language in the guaranty agreement:

> I hereby agree to pay to Self-Serv Fixture Co., Inc., hereinafter called Creditor, *up to $20,000 of any and all indebtedness or other liability* which American Bravos, Inc. may now or at any time hereafter owe said Creditor, together with interest and collection costs as may be provided in any instrument evidencing said indebtedness; and *further agree to pay 10% of the indebtedness* additional *as attorneys' fees* should this contract be placed in the hands of an attorney for collection or should it be collected through any court. [emphasis added]

The "indebtedness" with respect to attorney's fees refers to the language "up to $20,000 of any ... indebtedness" in the first sentence, which would be ten percent of the sum guaranteed. We agree with Spillman's reading of this provision. To hold otherwise would subject Spillman to *unlimited* liability for attorney's fees incurred by Self-Serv in the collection of the guaranty. Further, such a construction would not be reasonable because the underlying guaranty itself is for a *limited* amount. Accordingly, we modify the award of attorney's fees to $2,000, which is ten percent of the indebtedness that Spillman guaranteed. We also modify Spillman's liability for post-judgment interest and costs in the same manner.

■ Finally, Spillman contends that the trial court erred because the judgment against Spillman and American Bravos does not specify joint and several liability for the amount owed by Spillman pursuant to the guaranty. He argues that this error permits Self-Serv a potential double recovery for the guaranteed amount. We agree. Accordingly, we modify the judgment by holding that Spillman and American Bravos are jointly and severally liable for $20,000 and that Spillman is solely liable for $2,000 in attorney's fees. We hold American Bravos solely liable for the remainder of the trial court judgment. All sums awarded herein to Self-Serv shall bear interest at the rate of ten percent per annum [2] from November 17, 1983, the date of the trial court judgment, until paid.

Affirmed, as modified. Costs of this appeal are assessed against Spillman.

AKIN, Justice, dissenting.

I cannot agree that the altered guaranty was properly admitted into evidence. The

---

**2.** Computation of judgment rate by the consumer credit commissioner for month of November 1983, 8 Tex.Admin.Reg. 4826 (1983), pursuant to TEX.REV.CIV.STAT.ANN. art. 5069–1.05, § 2 (Vernon Supp.1985). The contents of the Texas Register are to be judicially noticed and constitute prima facie evidence of the text of the documents published in the Register and of the fact that they are in effect on and after the date of the notation. TEX.REV.CIV.STAT.ANN. art. 6252–13a, § 4(c) (Vernon Supp.1985).

testimony of Self-Serv's employees to the effect that the guaranty signed by Spillman was received from him in the same condition as it appeared in court was a mere denial of responsibility for the alteration rather than an explanation. Accordingly, I would hold that Self-Serv failed to sustain its burden of explaining the alteration. Thus, the trial judge erred in admitting the altered guaranty [1] into evidence. Consequently, I must dissent.

A party's denial of responsibility for an alteration is not, and should not be, a substitute for the explanation required of the instrument's proponent by a long line of Texas cases. *See Demees v. Bluntzer,* 70 Tex. 406, 7 S.W. 820 (1888); *Park v. Glover,* 23 Tex. 469 (1859); *Pucket v. Big Lake State Bank,* 73 S.W.2d 893 (Tex.Civ. App.—El Paso 1934, writ ref'd); *Crow v. Willard,* 110 S.W.2d 161 (Tex.Civ.App.— Amarillo 1937, no writ); *American National Ins. Co. v. Smith,* 97 S.W.2d 963 (Tex.Civ.App.—El Paso 1936, no writ). The rationale underlying this conclusion is obvious. A party attempting to introduce an altered instrument could have, as a practical matter, made inquiry with respect to any apparent alterations before accepting or relying upon such an instrument. Thus, logic dictates that if he fails to do so, he should explain—not simply deny his responsibility for—the alteration. Indeed, a contrary rule would tend to encourage fraud. For example, an unscrupulous lender could alter promissory notes in his possession by increasing their face value and then sue on the notes, secure in the knowledge that his denial of responsibility for the alterations would allow the notes to be admitted into evidence. Even if the debtor ultimately prevailed at trial over the lender (who will often have access to superior legal representation) the debtor would still

have been subjected to the costs of defending the suit. A rule permitting such a situation is untenable, yet that is exactly the rule which the majority has chosen to enunciate.

The two cases relied upon by the majority as support for their holding that a denial of responsibility is a sufficient explanation for an apparent alteration do not compel such a conclusion. The most recent case so cited, *Smith v. Jones,* 638 S.W.2d 17 (Tex. App.—Houston [1st Dist.] 1982), *aff'd in part, rev'd on other grounds in part,* 649 S.W.2d 29 (Tex.1983), is clearly distinguishable. There the court was concerned with the question of the burden of proof required of a party seeking to recover under an altered instrument which had *already been admitted* into evidence. The other case cited by the majority, *American National Ins. Co. v. Smith,* 97 S.W.2d 963 (Tex.Civ.App.—El Paso 1936, no writ), is a case wherein the court stated, without discussion, that "[i]nstruments containing apparent alterations are admissible in evidence where the alteration is explained *and* shown not to have been made by the party holding it or by his procurement." *American National,* 97 S.W.2d 964 (emphasis added). Neither of these cases supports the majority's conclusion.

Furthermore, I must necessarily disagree with the majority's decision concerning Self-Serv's judgment against Spillman for attorney's fees. Because I would hold that the trial court erred in admitting the guaranty into evidence, I would hold that the court also erred in holding Spillman liable under the guaranty for attorney's fees.

---

1. In its Footnote 1, the majority states that the testimony of "an expert" established that the alleged alteration complained of by Spillman actually inured to his benefit. I note that this "expert" was a gynecologist who had trained himself to examine questioned documents. This opinion does not establish that the alteration inured to Spillman's benefit because Spill-

man testified that the Liquid Paper "white-out" contained the sum of $5,000. The $5,000 sum was apparently "whited-out" and the sum of $20,000 typed over it. Indeed, even a non-expert can read the language on the back of the original exhibit. Thus, I would hold that it was error for the judge to permit such an "expert" opinion.