**Fred E. LIBBY, Appellant-Appellee,**

v.

**Paul NOEL d/b/a Noel Construction Company, Appellee-Appellant.**

No. 6781.

Court of Civil Appeals of Texas, El Paso.

May 2, 1979.

Rehearing Denied May 30, 1979.

James A. Mashburn, C. H. Brockett, Jr., Robert R. Truitt, Jr., Midland, for appellee-appellant.

Jimmie D. Oglesby, Midland, for appellant-appellee.

## OPINION

PRESLAR, Chief Justice.

This suit involves the construction and sufficiency of writings for the sale of real estate under the Statute of Frauds. Suit was brought by Appellant for enforcement of a contract for the purchase-sale of real estate from the Appellee, who counterclaimed for title and possession. Trial was to the Court without a jury, and judgment was rendered awarding Appellee title and possession with a monetary award to Appellant for certain improvements. We reverse in part and affirm in part.

We have concluded that the two instruments in writing relied on here satisfy the Statute of Frauds, and constitute an enforceable contract. The following is one of the instruments involved:

## PURCHASE AGREEMENT

Midland, Texas
October 6, 1968

The undersigned Purchaser agrees to purchase home at 3600 Godfrey Court, Midland, Texas, from the undersigned Seller, at the following terms:

Pay a total of $651.25 which will cover down payment and the October payment on property.

Assume present loan of approximately 17,700.00 payable, 188.25 per month beginning with the November, 1968 payment.

Negotiate a second note in favor of Seller, amount of $2,650.00, payable 25.00 per month including interest at 8%, first payment, November 6, 1968. Purchaser may have immediate occupancy and Seller agrees replace loose vinyl tile in bath and repair faucet leak in kitchen. & repair bath lav. drain.

Purchaser
s/ Lee Weatherly
for Noel Construction Co.

The other instrument is a promissory note dated October 6, 1968, payable to Noel Construction Company in the amount of $2,650.00 at Midland, Texas, with 8% interest, payable $25.00 per month with the first payment due November 6, 1968, and signed by Fred E. Libby and Bettye A. Libby. This is a printed form note with the blanks filled in, and there is written across the top line of it "3600 Godfrey Ct."

The Appellee challenges the sufficiency of these writings under the Statute of Frauds which requires that contracts for the sale of real estate be in writing. Tex. Bus. & Comm. Code Ann. sec. 26.01 (Tex. UCC 1968) (Supp.1978–1979). He first questions the sufficiency of the property description. For a contract to be valid and enforceable by a specific performance, it must contain a property description that makes the subject matter to be conveyed identifiable. *Wilson v. Fisher*, 144 Tex. 53, 188 S.W.2d 150 (1945). To be sufficient, the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the land to be conveyed may be identified with reasonable certainty. *Morrow v. Shotwell*, 477 S.W.2d

538 (Tex.1972); *Kmiec v. Reagan*, 556 S.W.2d 567 (Tex.1977); *U. S. Enterprises, Inc. v. Dauley*, 535 S.W.2d 623 (Tex.1976); *Williams v. Ellison*, 493 S.W.2d 734 (Tex. 1973). The reference to 3600 Godfrey Court may be in itself sufficient since the evidence is that there was no other house or home on that property. *Hoover v. Wukasch*, 152 Tex. 111, 254 S.W.2d 507 (1953). More important to our decision is the fact that the purchase agreement refers to the assumption of the present loan, and papers from that loan record are in evidence showing the complete legal description of the property involved. *Morrow v. Shotwell*, supra; *Kmiec v. Reagan*, supra. Additionally, Appellant went into possession of the property immediately, and has been in possession for some ten years with no question but that this was the property intended to be conveyed. The highest evidence of intention can be found in the practical construction placed upon a contract by the parties themselves. *Lone Star Gas Co. v. X-Ray Gas Co.*, 139 Tex. 546, 164 S.W.2d 504 (1942).

██ Appellee argues that the two instruments cannot be construed together and therefore the purchaser is not named since only the seller signed the purchase agreement. We overrule this contention because the instruments are to be construed together, the identity of the parties involved has been known for ten years, and because of the testimony of the Appellee; on trial, he identified the purchase agreement and note and testified fully to the intent of the parties that there would be a purchase-sale under the terms listed in the purchase-sale agreement; that the purchaser would receive immediate possession; and when the conditions of the note and purchase agreement were met, the purchaser would receive clear title to the property. He is in no position to now contend that the purchase agreement and the promissory note were two different transactions. Also, both instruments refer to 3600 Godfrey Court, and one describes the other in detail; the reference to each other permits this joint construction. *Owen v. Hendricks*, 433 S.W.2d 164 (Tex.1968).

Additionally, the two instruments must be construed together because they were executed at the same time between the same parties and relate to the same subject matter. *Miles v. Martin*, 159 Tex. 336, 321 S.W.2d 62 (1959); *Foster v. Bullard*, 554 S.W.2d 66 (Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.).

██ This being a valid purchase-sale agreement, Appellant is entitled to specific performance upon compliance with its terms. The proof shows that he has made all the payments to date on the assumed note to the savings and loan association. He stayed one month behind on his payments on that note for a long period of time, but no attempt was made to foreclose it and he was current at the time of trial. As to the note from Appellant to Appellee payable $25.00 per month, the proof shows that Appellant had made some 54 payments but was two years delinquent when these proceedings were started. At the time of trial, Appellant had paid into the Registry of the Court the balance of principal and interest on that note in the amount of $2,618.25. There are no foreclosure provisions in that note, and additionally, the Appellee testified that he was sympathetic to family trouble that the Appellant was having and had told him that he "would not lean on him;" that he would be willing to wait a reasonable length of time for this $25.00 a month and wouldn't pressure him, but he would have to get the savings and loan payments current and keep them that way; and that he would work with him, and he could pay whenever he could on the $25.00 a month note. Clearly any right of foreclosure for delinquency was waived by this action.

██ Since the 1968 inception of this contract, there have been several insurance claims paid to Appellee which Appellant contends are rightfully his since he paid the insurance premiums. The trial Court awarded these to Appellee, and, in the absence of findings of fact and conclusions of law, it must be presumed it found the facts to be that Appellee was entitled to such

insurance claims. Appellant does not attack this award on the basis of the sufficiency of such evidence and his point of error regarding such funds is overruled.

The trial Court awarded the Appellant $3,000.00 for improvements made on the property and title to the $2,618.25 in escrow with the Court. Those awards are reversed since Appellee does not get title to the property under our holding.

We reverse the judgment of the trial Court awarding title and possession of the property to Appellee and hold that Appellant is entitled to specific performance. This means that Appellee is entitled to the $2,618.25 in escrow for the $25.00 per month note, and Appellant must satisfy the first mortgage note to the savings and loan association.

The judgment is reversed as to the award of title in Appellee and as to the $3,000.00 award to Appellant, and it is affirmed as to the award of insurance proceeds to Appellee.