Leonard **BAYER** et ux, Appellants,

v.

William A. **McDADE**, Appellee.

No. 17761.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 30, 1980.

Rehearing Denied Dec. 11, 1980.

Fred A. Lange, Walter H. Horne, Houston, for appellants.

Green & Sims, Michael B. Lee, Houston, for appellee.

Before PEDEN, EVANS and WARREN, JJ.

EVANS, Justice.

This is an action by a real estate broker to recover a commission allegedly due under his listing agreement with the defendant, the owner of the property in question. The broker alleged that the owner breached the terms of the listing agreement by failing or refusing to enter into an earnest money contract with a prospective purchaser. After a non-jury trial, the trial court entered judgment in favor of the broker for the amount of his claimed commission and for attorney's fees.

The principal contention of the owner is that the listing agreement is void for want of sufficient description. The description in the listing agreement describes the property as follows:

"50 acres, more or less, out of the John H. Callihan Survey, Abstract 10, Harris County, Texas, located at Becker Cementry (sic) Road and Grant Road."

A broker seeking to recover a commission for the sale or purchase of real estate must prove his agreement with the owner by a written memorandum properly describing the land to be sold. *O'Boyle v. DuBose-Killeen Properties, Inc.*, 430 S.W.2d 273, 277 (Tex.Civ.App.—Dallas 1968, writ ref'd n. r. e.). In determining the sufficiency of the description in the listing contract, the test is the same as that in cases arising under the statute of frauds and the statute of conveyances. *Owen v. Hendricks*, 433 S.W.2d 164 (Tex.1968); *Tidwell v. Cheshier*, 153 Tex. 194, 265 S.W.2d 568 (1954). Thus, a broker seeking to recover a commission under the Real Estate License Act, (Art. 6573a, Tex.Rev.Civ.Stat.Ann.), must prove a valid written agreement describing the land, even though the owner does not specifically plead the statute of frauds as an affirmative defense.

The description in the listing agreement purports to describe a specific tract of 50 acres of land, more or less, out of a larger tract of land. The description does not sufficiently describe the tract of land because it does not furnish, within itself, or by reference to some other existing writing, a means by which the land may be identified with reasonable certainty. *Wilson v. Fisher*, 144 Tex. 53, 188 S.W.2d 150 (1945). The deed, therefore, is void for want of sufficient description. *Lawrence v. Barrow*, 117 S.W.2d 116, 119 (Tex.Civ.App.—Galveston 1938, writ dism'd); *Smith v. Sorelle*, 126 Tex. 353, 87 S.W.2d 703, 705 (1935). The testimony of the broker's witness, indicating familiarity with the location of the tract on the ground, cannot serve as a basis for identifying the property so inadequately described. *Wilson v. Fisher*, supra; *Smith v. Sorelle*, supra; *Jones v. Mid-State Homes, Inc.*, 163 Tex. 229, 356 S.W.2d 923 (1962).

In view of the insufficiency of the description in the listing agreement, the trial court's judgment must be reversed and judgment rendered in favor of the owner.

The record reflects another reason for reversal of the trial court's judgment.

The listing agreement expressly sets forth the price and terms of the proposed sale, reciting that the tract of 50 acres, more or less, is to be sold for a price of $8500.00 per acre, 20% to be paid in cash as down payment, and the deferred consideration to be represented by a note payable over a term of six years bearing 8½ percent interest. The listing agreement further recites that the owner will furnish either an owner's title insurance policy or an abstract covering the property and that the owner will deliver a general warranty listing agreement conveying title to the purchaser.

In separate findings of fact the trial court found that the broker produced a purchaser ready, willing and financially able to purchase the property "at the price and on the terms stated" in the listing agreement, and that the broker had also obtained from the purchaser an executed earnest money contract which conformed to the sale terms set out in the listing agreement. The owner has generally attacked these findings, contending that the evidence is legally and factually insufficient to support them.

The terms of the earnest money contract do not conform to the terms of the listing agreement. The earnest money contract provides that the consideration is to be determined by multiplying the sum of $8500.00 times the number of "net acres, exclusive of any easements, encroachments, and/or rights-of-way," to be determined by a survey furnished by the owner within 30 days. The earnest money contract also provides that the note representing the deferred consideration may be prepaid at any time without penalty.

Under the terms of the listing agreement, the owner did not agree to sell the property on a net acreage basis, and he did not agree to reduce the amount of the purchase price if a portion of the property was burdened by an easement, encroachment, or right-of-way. Neither did he agree to furnish a survey reflecting such net acreage. Thus, a substantial discrepancy exists between the terms of the earnest money contract and those set forth in the listing agreement.

In order for the broker to establish his right to recover a commission, he was required to prove that the terms of the earnest money contract were substantially in conformity with the terms set forth in the listing agreement. The earnest money contract was, in effect, merely a counter offer of the prospective purchaser which the owner had the right to refuse. *Quaile v. McArdle*, 244 S.W.2d 695 (Tex.Civ.App.—San Antonio 1951, writ ref'd n. r. e.). Under the circumstances reflected by the record, the owner was under no obligation to pay the broker's commission. *Clark v. Ingram*, 445 S.W.2d 780 (Tex.Civ.App.—Dallas 1969, writ ref'd n. r. e.).

In view of the aforementioned matters, it is unnecessary to consider the appellant's other points of error complaining that the trial court abused its discretion in overruling his motion for a continuance and in denying him leave to file an amended original answer on the day the case was called for trial.

The trial court's judgment is reversed, and judgment is rendered that plaintiff take nothing.