**ROMAN FOREST CONSOLIDATED MUNICIPAL UTILITY DISTRICT, Appellant,**

v.

**EAST MONTGOMERY COUNTY MUNICIPAL UTILITY DISTRICT NO. 1, Appellee.**

No. 8576.

Court of Civil Appeals of Texas, Beaumont.

March 5, 1981.

Rehearing Denied April 2, 1981.

Danny R. Edwards, Houston, for appellant.

Ernest Coker, Jr., Conroe, for appellee.

DIES, Chief Justice.

This is an appeal taken from a declaratory judgment of the trial court construing the provisions of two complementary contracts dated April 14, 1975, under which Roman Forest Consolidated Municipal Utility District (hereinafter "Roman Forest" or "defendant") provides fresh water distribution and sewage disposal service for East Montgomery County Municipal Utility District No. 1 (hereinafter "District No. 1" or "plaintiff"). For the reasons stated below, we reverse the judgment of the trial court and render judgment that both parties comply with the terms of the contracts in accordance with the interpretation placed upon them by both parties before this dispute arose.

The general tenor of defendant's appeal is, first, that the court incorrectly refused to abate the suit due to plaintiff's failure to submit the dispute to arbitration as provided in the contracts; and, second, that the judgment of the trial court injects ambiguity into a previously unambiguous contract and is not supported by admissible and probative evidence.

The Texas General Arbitration Act, *Tex.Rev.Civ.Stat.Ann. art. 224* (1973), provides that an arbitration agreement, to come within its terms, must be approved by counsel for both parties as evidenced by their signatures.* Since this was not done

---

\* We note that the Act has since been amended to remove the requirement that statutory arbitration agreements be signed by counsel, except in certain limited instances. *Tex.Rev.Civ. Stat.Ann. art. 224* (Supp. 1980–1981) amended Acts 1979, 66th Leg., p. 1708, ch. 704, § 1, eff.

in the contracts before us, statutory arbitration is not available. *Withers-Busby Group v. Surety Industries, Inc.*, 538 S.W.2d 198, 199–200 (Tex.Civ.App.—Dallas 1976, no writ).

Plaintiff's dispute over the construction of the contracts arises from the provision of each regarding the method of computation of the monthly bills from Roman Forest to East Montgomery. The parties agree that the bills are to be computed by application of a contractual formula to a budget prepared by Roman Forest. The original budgets were accepted, and bills computed therefrom paid, by the board of directors of East Montgomery for several years before this dispute arose. East Montgomery now contends that the contracts provide that the budget shall include only the costs incurred for the sewage treatment plant and the water treatment plant, and that defendant has wrongfully included in addition thereto the costs attributable to the collection and distribution networks and other expenses of Roman Forest.

 The interpretation placed upon a contract by the parties to it is the highest evidence of their intent. *Lone Star Gas Co. v. X-Ray Gas Co.*, 139 Tex. 546, 164 S.W.2d 504, 508 (Tex.1942), and authorities therein cited; *Harris v. Rowe*, 593 S.W.2d 303, 306 (Tex.1979); *Libby v. Noel*, 581 S.W.2d 761, 764 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.); *Vickers v. Vickers*, 553 S.W.2d 768, 769 (Tex.Civ.App.—Beaumont 1977, no writ); see also *Sun Oil Co. (Delaware) v. Madeley*, 610 S.W.2d 798 (Tex.Civ.App.—Beaumont, 1980, writ pending) (not yet reported). Plaintiff without objection paid the bills prepared by defendant for a period of over two years, and only when plaintiff encountered financial difficulty did they dispute the interpretation of the contract.

 We hold that as a matter of law the contracts require that the budgets include all expenses of the systems. Since plaintiff made no attempt to assert that defendant's budget was not in compliance with its cor-

rect interpretation of the contract, this court need not consider defendant's remaining points. The judgment of the trial court is reversed and judgment here and now rendered that this interpretation heretofore given to the contracts and accepted by both parties be followed. We note that no financial hardship to plaintiff need arise, since the contracts in no way limit plaintiff's ability to pass the cost of water and sewer services on to the residents of its district. Further, since the contracts provide for annual revision of the budgets to take into account units added to the system during each fiscal year, the situation envisioned by the trial court wherein plaintiff is paying all the costs of defendant's treatment facilities need never arise.

REVERSED and RENDERED.

KEITH, J., not participating.

August 27, 1979. See *REA Express v. Missouri Pacific Railroad Co.*, 447 S.W.2d 721, 726 (Tex.

Civ.App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.).