**EAST MONTGOMERY COUNTY MUNICIPAL UTILITY DISTRICT NO. 1, Petitioner,**

v.

**ROMAN FOREST CONSOLIDATED MUNICIPAL UTILITY DISTRICT, Respondent.**

**No. C–346.**

Supreme Court of Texas.

July 22, 1981.

Ernest Coker, Jr., Conroe, for petitioner.

Danny R. Edwards, Houston, for respondent.

PER CURIAM.

This is an appeal from a declaratory judgment construing two contracts. Under the first contract, Roman Forest agrees to furnish fresh water to East Montgomery. Under the second contract, Roman Forest agrees to provide sewage treatment services for East Montgomery. This lawsuit concerns what expenses Roman Forest may charge East Montgomery under each contract. The trial court rendered a judgment for East Montgomery. The court of civil appeals reversed the judgment of the trial court and rendered judgment for Roman Forest. 619 S.W.2d 1.

The two contracts were signed in April, 1975. The first detailed billing was presented to East Montgomery in late 1976. It is not clear from the record whether annual budgets were ever presented to East Montgomery for approval as required by the contracts.

The water furnishing contract provides that Roman Forest will deliver water to East Montgomery at a specified location. East Montgomery will maintain its own water distribution system from that point. Roman Forest has its own separate water distribution system. All water for both systems is furnished from one well. Thus Roman Forest is only providing "water furnishing" services to East Montgomery under that contract. The contract provides that East Montgomery will pay a specified portion of the operating budget for Roman Forest's "said facility." The previous sentence mentioned the "water-furnishing facility." The question is whether Roman Forest may include the costs of its own water distribution system as part of the budget of the water furnishing facility.

The trial court's judgment held that only the costs of operating and maintaining the water furnishing system may be considered, and that the costs of Roman Forest's water distribution system should be excluded. The court of civil appeals reversed. It relied on the conduct of the parties.

The sewage treatment contract provides that Roman Forest will treat East Montgomery's sewage. Each district maintains its own separate sewage collection system. There is one jointly operated sewage treatment and disposal system, which serves both East Montgomery and Roman Forest. Thus, Roman Forest is only providing sewage treatment and disposal services, and is

not providing sewage collection services to East Montgomery. The contract provides that East Montgomery will pay a specified portion of the operating budget for Roman Forest's "system." The first sentence of this portion of the contract states: "In consideration for the waste treatment and disposal services to be rendered by [Roman Forest] to [East Montgomery] pursuant to this Contract, [East Montgomery] shall pay operating charges for such waste disposal services in the following manner ...." The question is whether Roman Forest may include the costs of its own sewer collection system as part of the operating budget for the jointly operated sewage treatment and disposal system.

The trial court's judgment held that only the costs of operating and maintaining the sewage treatment and disposal plant be included, and that the costs of Roman Forest's sewage collection system not be included. As with the water furnishing contract, the court of civil appeals reversed, relying on the conduct of the parties.

The conduct of the parties is ordinarily immaterial in the determining of the meaning of an unambiguous instrument. *Pennell v. United Insurance Co.*, 150 Tex. 541, 243 S.W.2d 572, 575 (1951); *Universal C. I. T. Credit Corp. v. Daniel*, 150 Tex. 513, 243 S.W.2d 154, 157 (1951); *Richardson v. Hart*, 143 Tex. 392, 185 S.W.2d 563 (1945); *see Harris v. Rowe*, 593 S.W.2d 303, 306 (Tex.1979). The conduct of the parties is only relevant after the court has determined that the contract is ambiguous. Neither party contends that the contract is ambiguous. The conduct of the parties is therefore irrelevant. We hold that the water furnishing contract expresses the intent of the parties that East Montgomery pay only for the costs of water furnishing facilities. We hold that the sewage contract expresses the intent of the parties that East Montgomery pay only for the cost of the sewage treatment and disposal services.

There were no pleadings concerning waiver, estoppel, modification or any other alternate theories of recovery.

The holding of the court of civil appeals is in conflict with the court's opinion in *Pennell v. United Insurance Co., supra.* Pursuant to Rule 483, Texas Rules of Civil Procedure, we grant the application for writ of error, and without hearing oral argument, reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.