**Patricia Ann SMITH, Appellant,**

v.

**Clifford E. JONES and Sandra S. Jones, Appellees.**

**No. 17927.**

Court of Appeals of Texas, Houston (1st Dist.).

March 4, 1982.

Rehearing Granted June 17, 1982.

John J. Browne, Houston, for appellant.

C.E. Clover, Jr., Sealy, for appellees.

Before EVANS, C.J., and DOYLE and WARREN, JJ.

## OPINION

DOYLE, Justice.

After consideration of the appellees' motion for rehearing, we grant the motion and our opinion originally rendered in this cause is withdrawn and the following opinion is substituted.

This is an appeal from an action for specific performance of a contract to convey real property.

Appellees brought suit against appellant for breach of contract for the sale of realty, seeking both specific performance and damages. The damages issue was predicated on a violation of the Deceptive Trade Practices Act based on misrepresentation. Appellant answered, alleging that she had been fraudulently induced by appellees to sign the contract and pleaded as an affirmative de-

fense the Tex. Bus. & Com. Code Ann. Sec. 26.01 (Statute of Frauds). Appellant also counterclaimed for slander of title and on the theory that appellees' action under the DTPA was groundless and brought in bad faith for the purpose of harassment.

Trial was to a jury. The jury found that: (1) appellant had failed to convey title to the property in accordance with the terms of the contract; (2) appellees' damages were none; (3) reasonable attorneys fee for each side for preparation and trial was $2800; and (4) appellant was not induced to sign the contract as a result of misrepresentations. Judgment for specific performance of the contract was rendered by the trial court.

Appellant contends that the contract was materially altered after its execution by the insertion of certain words and the attachment of field notes. She further contends that the contract is void and unenforceable since the legal description of the realty was insufficient as a matter of law. Appellees argue that the description of the property in the contract was sufficient to satisfy the requirements of the statute of frauds with or without the added words and the attachment of the field notes.

Appellants' first four points of error jointly complain of the trial court's error in decreeing specific performance of the contract of sale when the evidence conclusively showed that the property description was insufficient; that the contract had been altered after the appellant had signed it; and that the contract was not the same one originally executed by appellant.

The facts under these points show that appellant, seller, and appellee, buyer, entered into an earnest money contract for the sale of realty. The original contract was not complete in itself and the evidence is in dispute as to when certain exhibits were attached to the contract. It is undisputed that the description of the realty in the original contract was merely, "Lezak Road, Austin County, Texas.", and that the original contract had a blank left for the monthly mortgage payments and had the name of the mortgage company typed in as the escrow agent. This contract was signed by all parties and carried a date of July 25, 1979.

After submitting the contract to the title company the evidence reflected that two changes were made on the original contract. The amount of the monthly note was inserted and the name of the escrow agent was changed. After these changes were made the appellees testified that they took the contract back for appellant to initial the changes in the contract and re-sign the contract. The phrase, "See Exhibit A" and the field note attachment were not initialed. Appellant testified that the phrase and the field note attachment were not parts of the contract when she signed the second time. The contract does show that "See Exhibit A" was typed with different print from the rest of the contract.

The question then is whether the contract, as presented by the appellees in their petition, was altered after it was signed by the appellant.

One of the appellees, Mrs. Sandra S. Jones, who typed the contract and did all of the negotiating with the title company, testified that the field notes were not on the contract consisting of three pages when she took it to the appellant on Friday morning. She stated that the title company must have added the legal description since only it had access to such information. According to Mrs. Jones, the title company also probably typed in the phrase "See Exhibit A hereto." Mrs. Jones did not know where the description came from. There was no initialing by the appellant nor by the appellee of the typed in phrase or the attached field notes. The appellant testified that the phrase about Exhibit A and the attached field notes was not a part of the contract when it was signed and initialed by her. Appellee, Clifford E. Jones, contends that all changes had been made on the contract before the appellant last signed and initialed it in the presence of both appellees. There was a strong inference that the title company made the alterations after the contract was filed with it for closing. Appellees' testimony supports this inference.

Since there was evidence that the appellant never approved the alterations or ratified any proceedings thereunder, the validity of the contract is brought into question. A contract required by the Statute of Frauds to be in writing that is altered after it is signed, is not a valid and binding contract. *Capital Bank v. American Eyewear, Inc.,* 597 S.W.2d 17 (Tex. Civ. App.—Dallas 1980, no writ).

■ An inserted description which makes an instrument formerly void for want of a description, sufficient as to description, is a material alteration and the party relying on the instrument has the burden to account for the alteration once the issue is raised. *Lawrence v. Barrow,* 117 S.W.2d 116 (Tex. Civ. App.—Galveston 1938, writ dism'd).

A case that is analogous to the case at bar is *Pope v. Taliaferro,* 51 Tex. Civ. App. 217, 115 S.W. 309 (1908, writ dism'd). That case was a suit for specific performance where the defendant by a sworn plea, denied that he executed the instrument sued upon, and alleged that the instrument had been altered without his consent after its execution. In that case, as in the case before us, the appellee had also been in possession of the contract after its execution, and evidence tended to show that words had been inserted so as to make an insufficient description of the realty sufficient. The court held that the party claiming under the instrument had the burden of proof in showing: (1) there was no change; or (2) if there were a change, that the change was with the consent of the maker of the instrument.

■ We next look at the description of the land in the contract prior to the attachment of the exhibit containing the field notes. The realty was described only as "the following property situated in Austin County, Texas, known as Lezak Road." Nowhere in the contract does a statement appear to the effect that "the following property" was owned by appellant, nor is there any other key as to its location. The above description, standing alone, would not satisfy the Statute of Frauds which the appellant had pleaded as an affirmative defense. Appellees submit that since the evidence showed that appellant owned an acre of land on Lezak Road in Austin County and no other land in Austin County, and since the contract made reference to an assumption by appellees of appellant's loan on the property with a savings and loan association, further legal description was unnecessary and the Statute of Frauds would be satisfied. *Libby v. Noel,* 581 S.W.2d 761 (Tex. Civ. App.—El Paso 1979, writ ref'd n.r.e.) is cited by appellees as authority for this proposition. Our case presents a distinguishable fact situation. In *Libby* the court found that the contract was "to purchase home at 3600 Godfrey Court, Midland, Texas," and that no other house was on that property. It also found that the agreement referred to the assumption of an existing loan on the property, and that the "papers from that loan record are in evidence showing the complete legal description of the property involved." The court held that the street address alone was probably sufficient, and was sufficient without a doubt when considered with the assumption agreement admitted into evidence. No such evidence is present in our case. In order to show entitlement to specific performance under the contract, appellees were required to show that the property description, discussed above, made such property identifiable within itself, or by reference to some other existing writing. *Libby v. Noel,* supra; *Wilson v. Fisher,* 188 S.W.2d 150 (Tex. 1950); *Kmiec v. Reagan,* 556 S.W.2d 567 (Tex. 1977).

This court in a recent case has held a more detailed description of realty than contained in this case to be insufficient. *Bayer v. McDade,* 610 S.W.2d 171 (Tex. Civ. App.—Houston [1st Dist.] 1980, no writ). The property there was described as "50 acres, more or less, out of the John H. Callihan Survey, Abstract 10, Harris County, Texas, located at Becker Cemetery Road and Grant Road." This court further held that the description did not sufficiently describe the tract of land because it does not furnish, within itself, or by reference to some other existing writing, a means by

which the land may be identified with reasonable certainty, thereby making the deed void for want of sufficient description.

In the case before us, the evidence raised fact issues as to whether the sales contract was altered after execution by the appellant. We deem such issue submission to have been the appellees' burden under the *Pope* case, supra. We also note that the trial court refused appellant's Special Issues 10 and 11 which would have resolved the validity of the disputed contract. For this reason we sustain appellant's fourth point of error.

We have reviewed the entire record in this case and there is evidence from which a trier of facts might conclude that the parties intended to describe the particular tract of land in suit, and that they were convinced that they had done so initially. Such were the facts before the Texas Supreme Court in *Morrow v. Shotwell,* 477 S.W.2d 538 (Tex. 1972). There the Court reversed and remanded, instead of rendering, in order to allow the purchaser to seek reformation of the contract.

In view of the foregoing opinion, it is unnecessary to consider other matters raised in the motion for rehearing.

Under the rationale of *Morrow,* supra, and Rule 434, T.R.C.P., the judgment of the trial court is reversed and remanded.