**METRO SIDING DISTRIBUTORS, INC., Bill Poston, Individually and Gary Don Jenny, Individually, Appellants,**

v.

**MASTER SHIELD, INC., Appellee.**

No. 2–85–174–CV.

Court of Appeals of Texas, Fort Worth.

Sept. 17, 1986.

**456**

Donald J. Driscoll, Dallas, for appellants.

Gandy, Michener, Swindle, Whitaker & Pratt and Mack Ed Swindle and Joseph W. Spence, Fort Worth, for appellee.

Before FENDER, C.J., and HOPKINS and FARRIS, JJ.

## OPINION

HOPKINS, Justice.

This is an appeal from a summary judgment rendered against Metro Siding Distributors, Inc. and appellants, Bill Poston and Gary Don Jenny, jointly and severally, in favor of appellee, Master Shield, Inc., for $63,498.47, plus attorney's fees of $5,000. Only the two individuals are before us on appeal. Each party filed motions for summary judgment which were denied. Master Shield, Inc. filed a second motion for summary judgment which was granted.

The judgment is affirmed.

The facts are undisputed. Appellants requested appellee furnish vinyl siding for a distributorship business they were establishing. Appellee agreed to do so provided appellants furnished financial statements and executed a guaranty agreement, whereby appellants individually and personally guaranteed the payment of their company account with appellee. At the time the guaranty agreement was executed and delivered to appellee, the name of the appellants' company as principal debtor was left blank and later filled in by appellee and a completed copy was mailed to appellants. It was the testimony of appel-

lee's president, Nicholas Martin, that at the time its guaranty agreement was signed, the reason the instrument was blank as to the principal obligators' name was because appellants had not yet decided on a name for the company. Appellants in their depositions acknowledged that they knew at the time they signed the guaranty agreement they were individually and personally guaranteeing the judgment of their company's account to appellee.

Appellee filed suit against appellant Metro Siding Distributors, Inc. (hereinafter "Metro Siding") alleging it owed appellee $66,736.04 on an open account. Appellee also sued appellants Poston and Jenny, individually, alleging: 1) these appellants had personally guaranteed the payment of this amount; 2) the amount was due and owing by Metro Siding; 3) demand had been made that appellants Poston and Jenny pay this amount pursuant to the guaranty agreement; and 4) the amount was still unpaid.

Appellants Poston and Jenny answered by filing a general denial and asserting an affirmative defense. They claimed the guaranty agreement was unenforceable due to noncompliance with the Statute of Frauds.

Both parties filed motions for summary judgment, and the trial court granted appellee's motion and rendered judgment against appellants for $63,498.47, plus attorney's fees of $5,000.

Appellants' two points of error allege error by the trial court in entering summary judgment for Master Shield, and denying their motion for summary judgment, because the guaranty agreement did not satisfy the Statute of Frauds, TEX.BUS. & COM.CODE ANN. sec. 26.01(b)(2) (Vernon Pamph.Supp.1986) in that the blank for the name of principal debtor was not filled in when they signed the instrument.

In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of*

*Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); TEX.R. CIV.P. 166–A. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to the non-movant. *Id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the non-movant will be accepted as true. *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Insurance Company,* 480 S.W.2d 176, 178 (Tex.1972). Every reasonable inference from the evidence must be indulged in favor of the non-movant and any doubts must be resolved in his favor. *Montgomery,* 669 S.W.2d at 311. Evidence which favors the movant's position will not be considered unless it is uncontroverted. *Great American,* 391 S.W.2d at 47. If such uncontroverted evidence is from an interested witness, it cannot be considered as doing more than raising a fact issue, unless it is clear, direct, positive and free from inconsistencies and contradictions. *Id.* The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of his cause of action or defense as a matter of law. *City of Houston,* 589 S.W.2d at 678.

The applicable portion of section 26.01 of the Business and Commerce Code provides:

(a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

(1) in writing; and

(2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

(b) Subsection (a) of this section applies to:

. . . .

(2) a promise by one person to answer for the debt, default, or miscarriage of another person. . . .

TEX.BUS. & COM.CODE ANN. sec. 26.-01(a) (Vernon 1968) & sec. 26.01(b)(2) (Vernon Pamph.Supp.1986).

■ A guaranty agreement falls under section 26.01(b)(2) and appellants argue, citing as authority *Cohen v. McCutchin,* 565 S.W.2d 230 (Tex.1978), that the guaranty agreement signed by them is void as it is not "a written memorandum which is complete within itself in every material detail, and which contains all of the essential elements of the agreement," as required by the Statute of Frauds. *Id.* at 232.

■ The guaranty agreement is written and signed by the parties to be charged, Jenny and Poston, which is all that section 26.01 specifically requires. However, in *Cohen* the court said the instrument must be complete as to all material elements. *Id.* We hold that the name of the principal obligor is a material element of the guaranty agreement. We have found no cases specifically supporting this conclusion; however, a review of Statute of Fraud cases leads us to the conclusion that the specific obligation of the party sought to be held liable is an essential element. Appellants signed an agreement to be bound as guarantors of the debt of *someone* to Master Shield. The extent of that undertaking needs to be identified.

Further, we have failed to find any Statute of Frauds case in which a "material element" of the contract was omitted. However, the case of *Smith v. Jones,* 638 S.W.2d 17, 20 (Tex.App.—Houston [1st Dist.] 1982, no writ) (opinion on reh'g) dealt with the situation where a material element of a real estate contract (also governed by Statute of Frauds) was *altered* after execution of the contract. The court therein held that a contract which is required to be in writing under the Statute of Frauds, that is altered after it is signed, is not a valid and binding contract. *Id.* We will discuss in detail the facts and holding of *Smith.*

In *Smith* the suit was based upon a breach of contract for the sale of realty. The seller brought suit against the buyer seeking both specific performance of the contract and damages. The damages issue was predicated upon a violation of the Deceptive Trade Practices Act based upon misrepresentation. The buyer answered alleging fraud in the inducement of her signature and further pleaded the Statute of Frauds as an affirmative defense. The buyer argued that the contract was materially altered, after its execution, by the insertion of certain words and the attachment of field notes as an exhibit. Altering the original property description (which was not in compliance with the Statute of Frauds), by inserting a subsequent description, is a material alteration. *Id.* The court further stated that "the party relying on the instrument has the burden to account for the alteration once the issue is raised." *Id.* We find this rule of law is equally applicable to the instant case where a material element of the contract was *omitted.*

In the instant case the deposition of appellee's president explains that when the agreement was reached and the contract was signed appellants did not know the name to be given their business. When the name was decided upon, it was inserted in the contract and a completed copy of the contract was mailed to the appellants. For a period of several months both parties performed under the terms of the completed contract. Appellee continued to ship material to Metro Siding and several payments were made to appellee with checks from Metro Siding signed by appellant Poston, which were returned for "insufficient funds". Appellants do not argue fraud, misrepresentation or that the blank was filled in contrary to the oral agreement between the parties. Use of the Statute of Frauds to work the very type of fraud it was designed to prevent cannot be permitted, especially where there has been performance under the agreement as in this case. *Capital Bank v. American Eyewear, Inc.,* 597 S.W.2d 17, 20 (Tex.Civ.App.— Dallas, 1980, no writ). Therefore, based upon a review of the evidence before this court, we hold that appellee met its burden of providing a sufficient explanation as to the omission and later insertion in the guaranty agreement. Absent any other claim the agreement should be upheld.

Appellants' grounds of error are overruled and the judgment of the court below is affirmed.