Criminal Case Template










 

 



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





PATTI HILDRETH,


 Appellant,


v.


MERLE NORMAN COSMETICS, INC.,


 Appellee.
§



§


§


§


§
No. 08-02-00402-CV


Appeal from the


143rd District Court


of Ward County, Texas


(TC# 00-05-19734-CVW)



M E M O R A N D U M O P I N I O N



 This is an appeal from a granting of a summary judgment. For the reasons stated, 


we affirm the judgment of the trial court.

 

I. SUMMARY OF THE EVIDENCE


 Appellant, Patti Hildreth, entered into a "studio agreement" with Appellee, Merle
Norman Cosmetics, Inc., which gave her the right to sell and distribute Merle Norman
products at a studio located at S. Main Avenue, Monahans, Texas. She also opened a second
studio in Alpine, Texas. Appellant successfully operated her Monahans studio for four and
one half years. In January 1998, Appellant was notified by her landlord that the building
which housed her studio had been sold and that she needed to vacate the premises within ten
days. Appellant agreed to close her business at that location and move out by February 16,
1998. 

 Prior to February, 1998, Appellant contacted Jane Birkholz, a Merle Norman
representative, and told her she needed to relocate her studio. Appellant found a building but
was told she needed to "clear her account" prior to moving. She sent a check to Merle
Norman for $1,548 on January 24, 1998. When Merle Norman claimed the check was not
received, she mailed a second check in the amount of $1,681 on February 2, 1998. Merle
Norman again claimed it did not receive the checks, so Appellant overnighted a check in the
amount of $2,029.48 on February 12, 1998. Appellant never received written approval to
relocate her business from Merle Norman and was forced to close her business. 

 Thereafter, Appellant filed suit against Merle Norman for breach of contract and
breach of good faith and fair dealing. (1) Merle Norman filed a no-evidence motion for
summary judgment. Appellant filed her response alleging the motion was improper because
she presented enough evidence to raise a genuine issue of material fact. The lower court
granted Appellee's motion for summary judgment, and Appellant filed notice of appeal on
September 18, 2002. This appeal follows. (2)


II. DISCUSSION


 Appellant brings two issues on appeal challenging the granting of a no evidence
summary judgment. Appellant argues the lower court erred in granting the Appellee's
summary judgment because there were genuine issues of material fact concerning Appellee's
breach of contract and Appellee's breach of good faith and fair dealing. 

 A. No-Evidence Summary Judgment Standard of Review



 Under the "no-evidence summary judgment" rule, the movant may move for summary
judgment if, after adequate time for discovery, there is no evidence of one or more essential
elements of a claim or defense on which the nonmovant would have the burden of proof at
trial. Tex. R. Civ. P. 166a(i) (Vernon Supp. 1998). "The motion must state the elements as
to which there is no evidence." Id. The reviewing court must grant the motion unless the
nonmovant produces summary judgment evidence raising a genuine issue of material fact.
Id. Under the no evidence summary judgment standard, the party with the burden of proof
at trial will have the same burden of proof in a summary judgment proceeding. See, e.g.,
Esco Oil & Gas, Inc. v. Sooner Pipe & Supply Corp., 962 S.W.2d 193, 197 n.3 (Tex.
App.--Houston [1st Dist.] 1998, pet. denied) (commenting that under Rule 166a(i) "the
plaintiff as the nonmovant [has] the burden to raise a triable issue on each element essential
to the plaintiff's case against each defendant.").

 The San Antonio Court of Appeals states the applicable standard of review for no-evidence summary judgments as follows: "'A no-evidence summary judgment is essentially
a pretrial directed verdict,' and we apply the same legal sufficiency standard in reviewing a
no-evidence summary judgment as we apply in reviewing a directed verdict." Moore v. K
Mart Corp., 981 S.W.2d 266, 269 (Tex. App.--San Antonio 1998, pet. denied)); see also
Hon. David Hittner & Lynne Liberato, Summary Judgments in Texas, 34 Hous. L. Rev.
1303, 1356 (1998) (no evidence summary judgment is essentially pretrial directed verdict). 

 A no-evidence summary judgment is properly granted if the nonmovant fails to bring
forth more than a scintilla of probative evidence to raise a genuine issue of material fact as
to an essential element of the nonmovant's claim on which the nonmovant would have the
burden of proof at trial. See Tex. R. Civ. P. 166a(i); Merrell Dow Pharmaceuticals, Inc. v.
Havner, 953 S.W.2d 706, 711 (Tex. 1997), cert. denied, 523 U.S. 1119, 118 S.Ct. 1799, 140
L.Ed.2d 939 (1998). If the evidence supporting a finding rises to a level that would enable
reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of
evidence exists. See Havner, 953 S.W.2d at 711. Less than a scintilla of evidence exists
when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of
a fact, and the legal effect is that there is no evidence. Kindred v. Con/Chem, Inc., 650
S.W.2d 61, 63 (Tex. 1983).

B. Breach of Contract

 In Appellant's Issue No. One, she argues there was sufficient evidence to raise a
genuine issue of material fact as to Appellee's breach of contract. The elements of a breach
of contract are: 1) the existence of a valid contract, 2) performance or tendered performance
by the Plaintiff, 3) breach of the contract by Defendant, and 4) damages to the Plaintiff
resulting from the breach. Prudential Sec., Inc. v. Haugland, 973 S.W.2d 394, 396 (Tex.
App.--El Paso 1998, writ den'd). Appellee's motion for no evidence summary judgment
stated Appellant failed to provide evidence for: 1) performance, 2) breach of the contract by
the Defendant, and 3) damages to the Plaintiff as a result from the breach. Since Appellee's
motion stated the elements as to which there is no evidence, Appellant must produce
summary judgment evidence raising a genuine issue of material fact to overturn Appellant's
motion. Tex. R. Civ. P. 166a(i) (Vernon Supp. 1998). 

1. Performance

 Appellee asserts there is no evidence Appellant performed under the studio agreement
because she did not operate the studio in a "business like . . . , keeping the Studio open at all
hours regularly kept by other retail establishments in your neighborhood or area." Appellee
claims Appellant did not perform under the agreement because she only operated her store
one day per week rather than five days a week. Furthermore, Appellee asserts Appellant did
not perform under the agreement because Appellant relocated her business without written
approval by the company. 

 In order to determine whether Appellant performed under the contract, this Court must
give effect to the parties intentions as expressed in the contract. City of Pinehurst v. Spooner
Addition Water Co., 432 S.W.2d 515, 518 (Tex. 1968) (citing Woods v. Sims, 273 S.W.2d
617, 620 (Tex. 1954)). If a written instrument is so worded that it can be given a certain or
definite legal meaning then it is not ambiguous. Coker v. Coker, 650 S.W.2d 391, 393 (Tex.
1983). The parties unambiguously defined performance in the contract as follows:

IV. Your Obligations in Operating Your Studio


You are expected to manage and operate your Studio in a businesslike
manner, including the maintaining of the Studio in a clean and sanitary
condition and attractive appearance, keeping the Studio open at all hours
regularly kept by other retail establishments in your neighborhood or area
and causing all beauty advisors and sales personnel to be fully trained. 


 Appellant maintains she performed under the contract because she operated her
business since 1993 and continued to operate the business until she was "forced out of the
premises" in 1998. Appellant's affidavit and deposition provided evidence that her business
was operational between these years. However, mere operation of the business was not
sufficient evidence to prove performance under the terms of the contract. The language of
the contract specifically stated Appellant was obligated to operate her studio in a
"businesslike manner" as well as "[keep] the Studio open at all hours regularly kept by other
retail establishments." The evidence produced for summary judgment indicates Appellant
admitted that she had failed to keep regular business hours. Appellant's deposition testimony
stated:Q: From June - the middle of June of '96 to February the 16th of '98 the
store in Monahans would be open just one day a week?

A: Definitely one day a week. Other times, if I was there on the weekend,
I'd open up on Saturdays, sometimes on Sundays. 

Q: Didn't your agreement with Merle Norman provide the store should
remain open five days a week?

A: I believe that was in our studio contract, yes.

Q: And you were keeping it open one day a week most of the time?

A: Yes.

 Furthermore, Appellant contends Appellee could have objected to the number of hours
Appellant operated her business, but it chose not do so. In failing to object, Appellant asserts
Appellee was aware of and consented to her hours because Appellant had another Merle
Norman studio in Alpine, Texas. Appellant's argument is based upon course of performance
which is a contract rule of construction. The rule course of performance states: 

Where the contract for sale involves repeated occasions for performance by
either party with knowledge of the nature of the performance and
opportunity for objection to it by the other, any course of performance
accepted or acquiesced in without objection shall be relevant to determine
the meaning of the agreement. Southwest Indus. Imp. & Exp., Inc. v.
Borneo Sumatra Trading, 666 S.W.2d 625, 629 (Tex. App.--Houston [1st
Dist.] 1984, writ ref'd n.r.e.); Tex. Bus. & Com. Code Ann. § 2.208 (a)
(Vernon 1994). 


However, if the contract is unambiguous then the conduct of the parties is immaterial to
determine its meaning. E. Montgomery County Mun. Util. Dist. No. 1 v. Roman Forest, 620
S.W.2d 110, 112 (Tex. 1981). Thus, Appellant's assertion that Appellee consented to her
irregular business hours by failing to object is irrelevant because the contract is
unambiguous.


 Additionally, Appellee asserts Appellant failed to perform under the contract because
she "attempted to relocate" her studio without prior written approval by Merle Norman. The
contract specifically states, "Before you relocate or transfer the ownership of your Studio,
you must have written Home Office approval". Both parties agree Appellant notified Merle
Norman in January 1998 seeking relocation approval for her business. However, she never
received written approval. 

 Appellant acknowledges she never received written approval to relocate her business,
but she maintains verbal approval was given and that written approval would be received
upon settling her debt. Appellant's affidavit stated she was informed by Merle Norman
representatives Kathy Escarrega, Jane Birkholz, and Robin Wilson that "all departments" had
verbally approved her relocation but she needed to "clear her account with Merle Norman
Cosmetics" in order to receive written approval. Thereafter, Appellant attempted to clear her
account by sending a $1,548 check, but according to Merle Norman records the check was
not received. Appellant then mailed two more checks in an effort to pay off her credit. 
Merle Norman records show they were on notice that Appellant was sending payment to
clear up her account, but indicated they never received the checks. Appellant asserts
Appellee's refusal to acknowledge receipt of the checks allowed it to "[manufacture] a
reason for refusing to allow [Appellant] to relocate her business". In support of this
assertion, Appellant produced a deposition from Merle Norman representative, Jane
Birkholz, in which she stated written approval for Appellant's business relocation was denied
on the basis of her credit. 

 Although Appellant asserts she made attempts to clear her account in order to obtain
written approval, the express language of the contract is clear and unambiguous. If the
contract is so worded that it can be given a certain interpretation, then it is not ambiguous and
can be construed as a matter of law. Lenape Res. Corp. v. Tennessee Gas Pipeline Co., 925
S.W.2d 565, 574 (Tex. 1996) (citing Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983)). The
language specially states "written home office approval" must be obtained before Appellant
relocates her business. Appellant has acknowledged the fact she never obtained written
approval to relocate her business, thus Appellant admits she did not comply with the terms
of the contract. 

 Furthermore, Appellant's assertion that written approval would be granted upon the
clearing of her account is not supported by more than a scintilla of evidence. First, Appellant
only provides the deposition of Jane Birkholz as evidence in support of her cause of action. 
Jane Birkholz' deposition, however, is contrary to Appellant's account. Birkholz' testimony
never mentions giving Appellant verbal approval for relocation nor did it indicate that written
approval would be granted upon the clearing of her account. Secondly, Appellant has failed
to provide depositions of Kathy Escarrega or Robin Wilson indicating verbal approval was
granted or that written approval would be given if she cleared her account. Based upon the
evidence presented, Appellant has done no more than "create a mere surmise or suspicion"
that she would have been granted written approval upon clearing her account. Kindred v.
Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). Therefore, the legal effect is that there is
no evidence, and this portion of Appellant's first issue is overruled. Id. 

2. Breach by Appellee

 Appellee asserts Appellant failed to produce evidence showing Appellee breached the
studio agreement. Appellee argues Appellant's failure to operate her business during regular
business hours and her relocation without written approval provided them with "sufficient
business or legal cause" to deny Appellant's request for relocation and discontinue selling
its products to her. 

 In order to determine if Appellee breached the studio agreement, this Court must give
effect to the parties intentions as expressed in the contract. City of Pinehurst v. Spooner
Addition Water Co., 432 S.W.2d 515, 518 (Tex. 1968) (citing Woods v. Sims, 154 Tex. 59,
273 S.W.2d 617, 620 (1954)). The agreement stated the following:

V. Your Obligations on Terminating Your Studio


The Company will sell its products to you for as long as you make timely
payments for your purchases, and observe the other requirements of this
Studio Agreement. In the event that the Company believes that you have
failed to observe these requirements, you will be given at least (30) days'
notice (or such greater notice as required by applicable law), and an
opportunity to comply with them. 

The contract plainly states notice will be given in "the event that the Company believes
[Appellant] failed to observe [the contract] requirements". Here, the language of the contract
is unambiguous because it is not susceptible to more than one reasonable interpretation. 
Med. Towers, Ltd. v. St. Luke's Episcopal Hosp., 750 S.W.2d 820, 822 (Tex. App.--Houston
[14th Dist.] 1988, writ denied) (citing Maxwell v. Lake, 674 S.W.2d 795, 802 (Tex. App.--Dallas 1984, writ ref'd n.r.e.); Summit Ins. Co. v. Cent. Nat'l Bank of Houston, 624 S.W.2d
222, 226 (Tex. App.--Houston [1st Dist.] 1981, writ ref'd n.r.e.)). Since the contract is
unambiguous, this Court can construe the contract as a matter of law. Coker v. Coker, 650
S.W.2d 391, 393 (Tex. 1983). 

 Appellant maintains Appellee breached the contract because Merle Norman failed to
provide her with notice to cure any contract violations as specified by the agreement. As
previously determined, this Court found Appellant failed to perform under the contract
because she only operated her business one day per week. Under the contract terms,
Appellee is required to give notice when it "believes" there has been non-compliance with
the contract terms. Here, Appellant presented evidence proving she breached the contract
requirements, but she failed to provide evidence showing Appellee knew of her breach. 
Appellant's only evidence showing Merle Norman knew Appellant operated one day per
week was Appellant's own testimony. Since there is no summary judgment evidence
showing Merle Norman "believed" Appellant was in breach of the contract, Appellant failed
to provide evidence that invoked the notice requirement. Therefore, Appellant has failed to
provide more than a scintilla of evidence showing Appellee breached the contract, and this
portion of Appellant's first issue is overruled. 

3. Damages

 Since there was no performance by Appellant and no breach by Appellee, we hold
Appellant could not have suffered damages. We therefore find Appellant failed to provide
sufficient summary judgment evidence proving she suffered damages, and this portion of
Appellant's first issue is overruled.

 Because Appellant has failed to provide proper summary judgment evidence proving
1) she performed under the contract, 2) Appellee breached the contract, and 3) she suffered
damages, we overrule Appellant's Issue No. One in its entirety.

C. Good Faith and Fair Dealing

 In Appellant's Issue No. Two, she argues Appellee breached its duty of good faith and
fair dealing because it failed to provide her with written approval for relocation. Under every
contract, there is a duty of good faith and fair dealing in the performance of the contract. 
Tex. Bus. & Com. Code Ann § 1.203 (Vernon 1994). This section of the UCC does not
support an independent cause of action for failure to perform or enforce in good faith. 
Instead failure to perform constitutes a breach of contract or makes unavailable a remedial
right or power. N. Nat'l Gas Co. v. Conoco, Inc., 986 S.W.2d 603, 606-607 (Tex. 1998). In
order to be actionable as a breach of contract under 1.203 of the UCC, the bad faith conduct
must relate to some aspect of performance under the terms of the contract. Adolph Coors Co.
v. Rodriguez, 780 S.W.2d 477, 482 (Tex. App.--Corpus Christi 1989, writ denied). Because
we have found Appellant failed to provide more than a scintilla of evidence showing
Appellee breached the contract, Appellant cannot show Appellee acted in bad faith. We
therefore overrule Appellant's Point of Error No. Two in its entirety.




 Having overruled each of Appellant's issues on review, we affirm the judgment of the
trial court.

April 6, 2004



 _______________________________________ 
 RICHARD BARAJAS, Chief Justice



Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.




 
1. Appellant also sued Merle Norman for conspiring and tortiously interfering with her franchise agreement. 
Appellee filed a supplemental motion for summary judgment claiming Appellant did not produce sufficient evidence
to raise a material fact on the issue of conspiracy. Appellant's motion for summary judgment was granted. 
Appellant does not challenge the trial court's granting of summary judgment on the issue of conspiracy. 
2. This case was previously before the Court. Hildreth v. Merle Norman Cosmetics, Inc., No. 08-00-00278-CV (Tex. App.--El Paso Dec. 21, 2001, no pet.) (not designated for publication), 2001 WL1640689.